UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CESAR SANTANA,

    Petitioner,

v.

SCOTT FRAUENHEIM,

    Respondent.

No. 2:17-cv-1039 MCE DB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner claims his conviction was not supported by sufficient evidence. Presently before the court is respondent's motion to dismiss the petition as untimely. (ECF No. 11.) For the reasons set forth below, the court will recommend that the motion to dismiss be granted.

## BACKGROUND

### I. Criminal Conviction and Direct Appellate Proceedings

On February 8, 2012, following a jury trial, petitioner was found guilty of shooting at an inhabited dwelling for the benefit of a criminal street gang. (LD 1; LD 2 at 2.[1]) On March 29, 2012 he was sentenced to fifteen years to life in prison. (LD 1.)

---

[1] Respondent lodged state and federal court records with his motion to dismiss. (See ECF No. 12.) Each document is referenced herein by its Lodged Document ("LD") number.

1

On May 20, 2013, the California Court of Appeal for the Third Appellate District affirmed the conviction. (LD 2.) Petitioner applied for review in the California Supreme Court on June 25, 2013. (LD 3.) The California Supreme Court denied review on July 24, 2013. (LD 4.) Petitioner did not apply for a writ of certiorari from the United States Supreme Court.

**II.    Habeas Petitions**

Petitioner filed a federal habeas action in this district on October 9, 2014. (LD 11.) The 2014 petition was dismissed after he failed to oppose respondent's motion to dismiss. (LD 12, 13, 14.)

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court on February 22, 2016. (LD 5.) On April 12, 2016, the Sacramento Superior Court denied the petition in a reasoned decision. (LD 6.)

On June 1, 2016 petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 7.) The petition was summarily denied on October 27, 2016. (LD 8.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on December 5, 2016. (LD 9.) The court summarily denied the petition on January 25, 2017. (LD 10.)

Petitioner filed the instant petition on May 9, 2017. (ECF No. 1.) After being directed to file a response to the petition (ECF No. 7), respondent filed a motion to dismiss the petition as untimely (ECF No. 11).

**MOTION TO DISMISS**

**I.    Legal Standards Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is

stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**II.     Respondent's Motion**

Respondent argues that the court should dismiss the petition because it is untimely. (ECF No. 11.) Respondent states that on May 20, 2013, the California Court of Appeal affirmed the judgment. (LD 2.) Thereafter, petitioner filed a petition for review with the California Supreme Court. The petition for review was denied on July 24, 2013. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court and the time to do so expired on October 22, 2013. Respondent claims petitioner's last day to file a federal habeas petition was October 22, 2014, absent time for tolling. Respondent further alleges that petitioner did not file any state habeas petitions within the limitations period. Respondent argues that because petitioner is not entitled to tolling and did not file the instant petition until May 9, 2017, his petition should be dismissed as untimely.

**III.    Petitioner's Response**

Petitioner filed a document captioned "Response; acceptance and Denial." (ECF No. 15.) Because this filing is responsive to the motion to dismiss, the court construes this as petitioner's opposition. Petitioner claims that all of his filings have been timely, and he has met all deadlines. (Id.) He further argues that he has been incarcerated which has limited his access to legal materials and copy machines. Finally, he argues that he is without remedy save for a federal

habeas petition and granting the motion to dismiss "would not serve justice."

**IV. Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007). For purposes of federal habeas review, petitioner's conviction became final on October 22, 2013, ninety days after the California Supreme Court denied his petition for review. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on October 23, 2013, and expired one year later on October 22, 2014. Even with application of the mailbox rule,[2] petitioner did not file the instant petition until May 9, 2017, approximately two years and six months after the expiration of the statute of

---

[2] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

4

limitations. Thus, absent statutory or equitable tolling, petitioner's federal petition is untimely under Section 2244(d)(1).

### V.     Statutory Tolling

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennet, 531 U.S. 4, 8 (2000). Generally, this means that the statue of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been issued. Nedds, v. Calderon, 678 F.3d 777, 780-81 (9th Cir. 2012). However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered pending, or properly filed, within the meaning of § 2244(d)." Id. at 780 (internal quotations and citations omitted).

Additionally, the limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999) overruled on other grounds by Carey v. Saffold, 536 U.S. 214, 225-27 (2002) (holding a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). The filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Nor is there tolling between finality of a direct appeal and the filing of a federal petition. Nino, 183 F.3d at 1006-07.

### A. Federal Habeas Petition

After his conviction became final, petitioner filed a federal habeas petition in this court on October 9, 2014. (LD 11.) This petition was filed within AEDPA's one-year statute of limitations. However, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-82.

### B. State Habeas Petitions

The first state habeas petition was filed by petitioner in the Sacramento County Superior Court on February 22, 2016, approximately one year and four months, or 488 days, after the expiration of AEDPA's one-year statute of limitations. (LD 5.) Thereafter, petitioner filed habeas petitions in both the California Court of Appeals for the Third Appellate District and in the California Supreme Court. (LD 7, 9.) State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823. Thus, petitioner's state habeas petitions have no tolling effect because they were filed after the expiration of AEDPA's one-year statute of limitations.

### VI. Equitable Tolling

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Waldron-Ramsey, 556 F.3d at 1011. "The high threshold of extraordinary

circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citations and internal quotation marks omitted). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner has not alleged that he is entitled to equitable tolling. While he has stated that his incarceration has hindered his ability to pursue this action, that is not sufficient to meet the threshold required for equitable tolling. See Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (denying equitable tolling when petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"); Williams v. Dexter, 649 F.Supp.2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is . . . conclusory"). The court finds there is nothing in the record to indicate that petitioner is entitled to equitable tolling in this action.

## CONCLUSION

Petitioner filed the instant petition after the expiration of AEDPA's one-year statute of limitations and he is not entitled to statutory or equitable tolling. Thus, the petition should be dismissed as untimely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted and the petition be dismissed.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections the party

may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 21, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-habeas/sant1039.mtd